IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SIDDIG A. ELGHALI | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| DEVRY EDUCATION GROUP, INC., *et al.* | : | NO. 16-5591 |

MEMORANDUM

**KEARNEY, J.**                                                                                                                **November 10, 2016**

Siddig A. Elghali claims DeVry University's Keller Graduate School of Business[1] and three professors discriminated against him because of his race and retaliated against him by awarding him grades lower than his white classmates. He seeks to proceed *in forma pauperis*. We grant Mr. Elghali leave to proceed *in forma pauperis* but dismiss his complaint under 28 U.S.C. § 1915(e)(2)(B)(ii).

**I. Alleged Facts[2]**

Mr. Elghali, an African-American man, enrolled in three courses with DeVry between January and April 2010: "Business Planning Seminar;" "Financial Management Capstone: The Role of the Financial Officer;" and "Intermediate Accounting III." On February 24, 2010, Mr. Elghali earned a "B" in "Business Planning Seminar," while only a white student received an "A".[3] The same day, February 24, 2010, Mr. Elghali filed a complaint with the Department of Education's Office of Civil Rights (OCR) complaining of race discrimination in grading and informed his professor and the Acting Dean he did so.[4] Mr. Elghali alleges DeVry and Professor Cordivari changed the grade of the white student from an "A" to "A-" in response to his

complaint to the OCR, but his grade remained a "B" and other African American students received a "B" or "B-".[5]

Mr. Elghali failed the "Role of the Financial Officer" course, alleging a "defendant" prevented him from making his oral presentation and instead directed him to submit his work electronically.[6] Mr. Elghali alleges white students received "As" and an African American female received a "B+".[7]

Mr. Elghali alleges DeVry initially would not permit him to enroll in Intermediate Accounting III unless he withdrew the OCR complaint and agreed not to sue.[8] In what appears to have been an effort to resolve the registration issue half-way into the course, Mr. Elghali agreed to take Intermediate Accounting III through an independent study plan.[9] From March 20, 2010 through April 21, 2010, Mr. Elghali submitted assignments and quizzes online which he alleges "defendant" changed his grade to zero credit.[10] On April 14, 2010, Mr. Elghali challenged a grade in Intermediate Accounting III, and alleges a "defendant" asked him again to withdraw his complaint to the OCR.[11] Mr. Elghali received a grade of 150.63/250 on the final exam.[12] We do not know the grade he received for the course.

Mr. Elghali filed a second complaint with OCR on May 17, 2010, claiming DeVry discriminated against him in connection with a course he took before 2010, and retaliated against him because he told a DeVry official on February 24, 2010 he was going to file a discrimination complaint.[13] The Philadelphia OCR office dismissed his complaint. On September 29, 2011, the Deputy Assistant Secretary for the Department of Education sent Mr. Elghali a letter upholding the dismissal and informing him he had exhausted all avenues for relief within the Department of Education.[14] Mr. Elghali's exhibits suggest he did not receive the September 29, 2011 letter or a second agency determination until October 30, 2015.

2

Mr. Elghali filed this action on October 26, 2016, alleging violations of Title VI and Title VII of the Civil Rights Act, and fraud, by discriminating against him and retaliating against him on account of his race. Mr. Elghali seeks $300,000,000 in compensatory and punitive damages, an Order directing DeVry to provide him with a 3.75 grade point average and two business degrees.

## II. Analysis

### A. We grant leave to proceed *in forma pauperis*.

We grant Mr. Elghali leave to proceed *in forma pauperis* because it appears he is incapable of paying the fees to commence this civil action. As we grant *in forma pauperis*, 28 U.S.C. § 1915(e)(2)(B)(ii) requires us to dismiss the complaint if it fails to state a claim. As a *pro se* litigant, we construe Mr. Elghali's allegations liberally.[15]

To survive dismissal, Mr. Elghali must offer "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."[16] We may dismiss claims based on an affirmative defense if the affirmative defense is obvious from the face of the complaint.[17]

### B. We dismiss the Title VII claims.

Mr. Elghali's claim under Title VII fail. Title VII prohibits employers from discriminating against their employees based on race or retaliating against employees for complaining about employment practices prohibited by Title VII.[18] Mr. Elghali claims he suffered discrimination and retaliation as a student, not as an employee. We dismiss Title VII claims as inapplicable. Title VII also does not authorize claims against individuals.[19]

### C. We dismiss the Title VI claims.

Mr. Elghali's claims under Title VI also fail. Title VI prohibits race discrimination and retaliation in any program which receives federal funding.[20] It does not provide a cause of action

3

against individual defendants.[21] Mr. Elghali may not bring a Title VI claim against his professors.

Mr. Elghali's Title VI claims against DeVry are time-barred. Pennsylvania's two year statute of limitations applies to Mr. Elghali's Title VI claims.[22] "[T]he statute of limitations accrues 'when the Plaintiff knew or should have known of the injury upon which its action is based.'"[23] The complaint and attached exhibits unequivocally confirm Mr. Elghali knew or should have known of the challenged discrimination and retaliation in 2010. He did not file suit until 2016, years after the statute of limitations expired. His remaining Title VI claims are untimely.[24]

### III. Conclusion

In the accompanying Order, we dismiss Mr. Elghali's complaint under 28 U.S.C. § 1915(e)(2)(B)(ii). As he cannot cure the defects in his claims, we deny leave to amend.

---

[1] Defendants are DeVry Education Group, Inc., DeVry University, Inc., and DeVry University and Keller Graduate School of Management (collectively "DeVry") and individuals, Professor Mark Cordivari, Professor Beatrice Rolland, and Professor and Acting Dean Andrew Hildebrand.

[2] The facts are taken from the allegations of the complaint and various documents Mr. Elghali attached as exhibits to his complaint.

[3] Compl. at ¶¶ 15, 18 (ECF Doc. No. 1-1).

[4] *Id.* at ¶ 16.

[5] *Id.* at ¶ 19.

[6] *Id.* at ¶¶ 34-37.

[7] *Id.* at ¶ 37.

[8] *Id.* at ¶ 38.

[9] *Id.* at ¶¶ 40-41.

[10] *Id.* at ¶¶ 42-51.

[11] *Id.* at ¶ 46.

[12] *Id.* at ¶ 54.

[13] *Id.* at ¶ 38.

[14] *Id.* at 16 (ECF Doc. No. 1-11).

[15] *Higgs v. Attorney Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

[16] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).

[17] *See Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th Cir. 2006); *cf. Ball v. Famiglio*, 726 F.3d 448, 459 (3d Cir. 2013), *abrogated on other grounds, Coleman v. Tollefson*, __ U.S. __, 135 S. Ct. 1759, 191 L.Ed. 2d 803 (2015).

[18] *See* 42 U.S.C. § 2000e-2000e-17; *Emerson v. Thiel Coll.*, 296 F.3d 184, 190 (3d Cir. 2002) ("Title VII prohibits unlawful employment practices by employers.").

[19] *See Sheridan v. E.I. DuPont de Nemours & Co.*, 100 F.3d 1061, 1078 (3d Cir. 1996) ("Congress did not intend to hold individual employees liable under Title VII."). *See also Seaton v. Univ. of Pa.*, No. 01-2037, 2001 WL 1526282, at *7 (E.D. Pa. Nov. 30, 2001) ("Any claim under § 2000e must be premised on an employment relationship."); *Stilley v. Univ. of Pittsburgh of Com. Sys. of Higher Educ.*, 968 F. Supp. 252, 261 (W.D. Pa. 1996) (claims pertaining to "[p]laintiff's dissertation are not proper for a Title VII claim and will not be considered by the Court in its Title VII analysis" because those claims "relate to Plaintiff's role as a student and not as an employee").

[20] *See* 42 U.S.C. § 2000d; *Alexander v. Sandoval*, 532 U.S. 275, 282-83 (2001); *Whitfield v. Notre Dame Middle Sch.*, 412 F.App'x 517, 522 (3d Cir. 2011).

[21] *Whitfield*, 412 F.App'x at 521 ("Individual liability may not be asserted under Title VI").

[22] *Thomas v. Advance Housing, Inc.*, 475 F. App'x 405, 407 (3d Cir. 2012) (per curiam).

[23] *Ishmael v. Sch. Dist. of Phila.*, No. 15-3081, 2016 WL 5661711, at *7 (E.D. Pa. Sept. 30, 2016) (quoting *Sameric Corp. v. City of Phila.*, 142 F. 3d 582, 599 (3d Cir. 1998)); *see also Blunt v. Lower Merion Sch. Dist.*, 559 F. Supp. 2d 548, 565 (E.D. Pa. 2008).

[24] It is possible Mr. Elghali believed he was required to administratively exhaust his claims prior to filing a civil action in federal court, and was waiting for notice from OCR to confirm he had completed that process. However, Title VI plaintiffs "need not undertake administrative exhaustion." *Freed v. Consolidated Rail Corp.*, 201 F.3d 188, 193 (3d Cir. 2000). Mr. Elghali

had a right to file suit when his claims accrued in 2010, and was obligated to file within the two-year statute of limitations for his claims to be timely. Any mistake of law in that regard would not justify tolling to save his untimely claims. *Cf. Hedges v. United States*, 404 F.3d 744, 751-53 (3d Cir. 2005) (equitable tolling did not apply during *pro se* litigant's pursuit of administrative remedies under Federal Tort Claims Act to save untimely claim under Suits in Admiralty Act); *Foremanye v. Univ. of Pa.*, No. 93-1029, 1993 WL 246029, at *2 (E.D. Pa. June 30, 1993) (where exhaustion not required, statute of limitations was not tolled during time that passed during pendency of administrative proceedings), *aff'd without opinion*, 22 F.3d 301 (3d Cir. 1994).